UNITED STATES of America, Plaintiff,

v.

**$131,602.00 IN U.S. CURRENCY, and Various Articles of Jewelry Having an Approximate Value of $20,975.00, Defendants in Rem.**

No. 81 Civ. 4478 (RWS).

United States District Court,
S.D. New York.

Dec. 14, 1982.

John S. Martin, Jr., U.S. Atty., S.D.N.Y., New York City, for plaintiff; Cathy R. Silak, Asst. U.S. Atty., New York City, of counsel.

Gerald J. McMahon, New York City, for defendants in rem.

## OPINION

SWEET, District Judge.

The Government seeks the forfeiture pursuant to 21 U.S.C. § 881 of $131,602 in United States currency ("the money") and jewelry of an approximate value of $20,975 ("the jewelry") which had been seized from Richard and Carol Rosado ("the Rosados") on the occasion of their arrest on June 6, 1981 and upon subsequent searches of certain banks. The Rosados have claimed the money and the jewelry. A bench trial was held, and judgment will be entered directing the forfeiture of $100,000 in accordance with the following findings and conclusions.

On June 6, 1981 the Rosados were arrested on charges of conspiring to distribute narcotics, and on May 5, 1982 judgments of conviction on those charges were entered. Certain of the evidence of the undercover agent upon which the conviction was based was also presented to this court and established the existence of the charged conspiracy and the Rosados' participation. According to a Special Agent of the Drug Enforcement Agency, an agreement was reached between the Rosados and the agent acting in an undercover capacity for the sale of two kilograms of cocaine by the agent to the Rosados. The Rosados stated to the agent that they had previously obtained cocaine from Ecuador smuggled into the United States in picture frames, but that their South American source was no longer available. The agreement called for the transfer of $100,000 and the Rosados stated at a pre-arranged meeting at the Holiday Inn on 57th Street that they had some money with them and could obtain the remainder from their bank on 42nd Street, some five to ten minutes away.

After the arrest on June 6, 1981, $778 was found on the person of Richard Rosado. The Rosados' car was searched and $48,810 was found in the trunk. On June 9, 1981 the Rosados' apartment was searched, and a Chemical Bank safe deposit box key and a letterhead of the Bowery Savings Bank were recovered as well as an airline ticket and $991 in cash. A search of the Chemical Bank safe deposit box revealed cash in the amount of $49,045, which was seized. Jewelry and $31,800 in cash were recovered from the Bowery Bank on 42nd Street.

The passports used by the Rosados established that they travelled back and forth between Ecuador and the United States in 1979 (once) and 1980 (six times). A stipulation between the parties established that in December, 1978 Richard Rosado and his ex-wife Ronnie Rosado received $80,000 for the sale of a discotheque in St. Martins. A witness for the Rosados testified that the jewelry had been obtained by Richard in some measure from inheritance and that it had been owned prior to 1980. Richard by deposition testified to buying and selling jewelry and to the sale of the discotheque, but no other source of funds was disclosed. Carol Rosado testified by deposition that she brought $20,000 in cash to the United States in 1979 which was deposited in the safe deposit boxes.

This action is governed by 21 U.S.C. § 881(a)(6), which provides as follows:

All moneys, negotiable instruments, securities, or other things of value furnished or intended to be furnished by any person

in exchange for a controlled substance in violation of this subchapter, all proceeds traceable to such an exchange, and all moneys, negotiable instruments, and securities used or intended to be used to facilitate any violation of this subchapter [shall be subject to forfeiture to the United States], except that no property shall be forfeited under this paragraph, to the extent of the interest of an owner, by reason of any act or omission established by that owner to have been committed or omitted without the knowledge or consent of that owner.

From the facts stated above, the Government is entitled to forfeiture of $100,000 as "moneys . . . intended to be furnished . . . in exchange for a controlled substance."

The remainder of the cash, if forfeitable, must be found to be "traceable to such an exchange." The Government's evidence of trips to Ecuador and the admissions of the defendants certainly establish probable cause to believe that all the funds of the Rosados could be traced to drug trafficking. The burden therefore shifts to the Rosados to establish by a preponderance of the evidence that the remaining cash is not subject to forfeiture. *See United States v. Fleming*, 677 F.2d 602, 609 (7th Cir.1982); *United States v. United States Currency ($20,294.00)*, 495 F.Supp. 147, 150 (E.D.N.Y.1980); *United States v. One 1977 Lincoln Mark V*, 453 F.Supp. 1388, 1391 (S.D.N.Y.1978). Given the fungible nature of cash, and the circumstances of this case, the Rosados can meet this burden by establishing an alternate source for the funds; otherwise, the Government's case would be conclusive upon a showing of probable cause. The Rosados have produced a confirmed source of $80,000, the sale of the discotheque, and an uncorroborated source of $20,000. They have thereby met their burden of proving a source of funds not traceable to a narcotics transaction.

As to the jewelry, a similar burden has been met by their testimony, corroborated by Richard's brother-in-law, who testified that the jewelry derived from an inheritance and Richard's jewelry transactions. This action is therefore unlike *United States v. Fleming, supra*, in which "nothing but speculation" was offered to meet the burden of rebutting the Government's case, 677 F.2d at 610. The Rosados have, rather, offered credible evidence.

Enter judgment directing the forfeiture of $100,000 to the Government, in accordance with this opinion.

IT IS SO ORDERED.