**UNITED STATES of America,
Plaintiff-Appellant,**

**v.**

**$93,685.61 IN U.S. CURRENCY,
Defendant,**

**Benjamin Lonzo Willis,
Claimant-Appellee.**

No. 83–3861.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted March 9, 1984.

Decided April 10, 1984.

James J. McLaughlin, Asst. U.S. Atty., Portland, Or., for plaintiff-appellant.

James L. Collins, Portland, Or., for claimant-appellee.

Before SCHROEDER, FARRIS and REINHARDT, Circuit Judges.

PER CURIAM:

The government appeals a district court's grant of summary judgment to the claimant in a currency forfeiture case. The judgment was based on a conclusion that the government had failed to meet its burden of showing probable cause to institute forfeiture proceedings. This proceeding

originated in an arrest of a drug dealer by Drug Enforcement Administration agents and the subsequent interception of a package sent to him. Inside the package were cocaine, heroin and items of false identification, including a birth certificate with the claimant's fingerprints on it. Agents obtained a search warrant and searched claimant's house. In an office-garage they found bullets, powder scales, glassine bags, and a zip-loc bag with cocaine residue in it that had been thrown into a wood stove. In the same room they found $90,185 in a floor safe and $3,500.61 in a box.

The government sued for forfeiture of the money under 21 U.S.C. § 881(a)(6), alleging that it "had been furnished and was intended to be furnished in exchange for heroin and cocaine." The government contended that probable cause for forfeiture existed based on the following: (a) an anonymous tip to a Drug Enforcement Administration agent that the claimant was engaged in drug transactions currently; (b) claimant's documented involvement in drug transactions in 1978; (c) claimant's fingerprints on the intercepted birth certificate; (d) the fact that the amount of cash found in a search of claimant's home was so large; (e) the drug paraphernalia found in the same room as the money; (f) absence of evidence during the search that the claimant engaged in any legitimate employment; (g) claimant's failure to file tax returns; (h) rifles found in claimant's house.

The government can show probable cause for a belief that the currency is subject to forfeiture based on a reasonable ground for belief that the currency was furnished or intended to be furnished in exchange for drugs. This belief must be more than mere suspicion, but can be created by less than prima facie proof. *United States v. One 56-Foot Yacht Named Tahuna*, 702 F.2d 1276, 1281–82 (9th Cir.1983). We review the district court's probable cause determination in a forfeiture proceeding as a question of law. *United States v. One Twin Engine Beech Airplane*, 533 F.2d 1106, 1109 (9th Cir.1976).

■ The district court erred when it found an insufficient showing of probable cause in this case. Circumstantial evidence of drug transactions is sufficient to support the establishment of probable cause in a forfeiture proceeding. *United States v. $364,960 in United States Currency*, 661 F.2d 319, 324 (5th Cir.1981). The aggregate of facts in this case gives rise to "more than mere suspicion" that the currency was furnished or intended to be furnished in exchange for drugs.

■ The extremely large amount of money found in the household itself is strong evidence that the money was furnished or intended to be furnished in return for drugs. *United States v. $2,500 in United States Currency*, 689 F.2d 10, 16 (2d Cir.1982); *$364,960*, 661 F.2d at 324. The money, in combination with other persuasive circumstantial evidence, particularly the presence of the drug paraphernalia, is sufficient here to establish probable cause. *See also United States v. $22,287, United States Currency*, 709 F.2d 442 (6th Cir.1983) (money, heroin, powder scales, guns, found in search after drug sale arrests); *United States v. $83,500 in United States Currency and $40 in Canadian Currency*, 671 F.2d 293 (8th Cir.1982) (money found on scene of drug sale). Because we believe that the uncorroborated tip that claimant was involved presently in drug transactions is unnecessary to a finding that probable cause exists in this case, we do not address claimant's arguments concerning retroactive application of the analysis of *Illinois v. Gates*, —— U.S. ——, 103 S.Ct. 2317, 76 L.Ed.2d 527 (1983).

The burdens of proof applicable to forfeiture proceedings, 19 U.S.C. § 1615, require that if the government succeeds in showing probable cause to institute forfeiture, the burden shifts to the claimant to prove by a preponderance of the evidence that the item was not furnished or intended to be furnished in exchange for a controlled substance. *See Tahuna*, 702 F.2d at 1281. The claimant here has indicated that he intends to present no evidence to rebut the government's case. Therefore, the judg-

ment of the district court is reversed, and summary judgment in favor of the government is ordered.

Reversed and remanded for entry of judgment in favor of the government.