**UNITED STATES of America**

v.

**$4,000 IN U.S. CURRENCY, Defendant.**

**No. 84 Civ. 5197 (WK).**

United States District Court,
S.D. New York.

July 23, 1985.

Rudolph W. Giuliani, U.S. Atty., S.D.N.Y. by Frederick M. Lawrence, Asst. U.S. Atty., New York City, for plaintiff.

Frank David Bagguley, pro se.

### MEMORANDUM & ORDER

WHITMAN KNAPP, District Judge.

This forfeiture proceeding is before us on the Government's motion, for summary judgment. The Government's motion is opposed by the claimant, Frank David Bagguley, appearing *pro se,* from whom the $4,000 (defendant-in-rem) was seized by agents of the Drug Enforcement Agency ("DEA"). For the following reasons, we grant the Government's motion.

## FACTS

In March of 1983 claimant Bagguley and an associate arranged for an unidentified individual to smuggle heroin from Thailand to the United States. Unbeknownst to Bagguley and his associate, the would-be smuggler was a confidential informant of the DEA. It was agreed that the informant, after smuggling a package of heroin into New York, would contact Bagguley at a certain telephone number, later determined to correspond to telephone service for apartment 2–F at 251 East 32nd Street in Manhattan (the "apartment").

Bagguley gave the informant approximately $3,000 in Thai currency as partial payment for his smuggling services, and, immediately prior to his departure from Thailand, the informant received the package of heroin he was to smuggle. On his trip from Thailand to New York the informant was accompanied by a DEA agent, whom Bagguley and his associate believed was a savvy drug smuggler.

After arriving in New York the agent contacted Bagguley at the pre-arranged phone number and arranged a meeting for the afternoon of March 25, 1983. During that meeting Bagguley explained he would be able to make final payment to the agent and informant after he collected proceeds from expected sales of narcotics, which other couriers were bringing later that day. The agent and the informant kept the package of heroin they had "smuggled" in anticipation of final payment for their services.

Several phone calls on March 25, 1983 and during the next several days finally resulted in another meeting of Bagguley, the agent and the informant. The Government asserts that at this meeting, which took place the evening of March 29, 1983 at a Holiday Inn in Manhattan, the agent gave Bagguley a package of substituted heroin and received $1,000 in U.S. currency along with a promise of a final payment of $23,000 to be made later that day. Bagguley was arrested immediately following the meeting.

At about the same time, the apartment on 32nd Street was searched, pursuant to a search warrant issued by the Honorable Leonard Bernikow, United States Magistrate. The Government claims that during the search DEA agents found $3,000 in U.S. currency inside a briefcase that also contained Bagguley's passport and birth certificate. The tenant of the apartment was present during the search and identified the briefcase as belonging to Bagguley.

Bagguley disputes only certain aspects of the Government's scenario and, for the reasons discussed below, his alternative scenario does not raise material issues of fact that would defeat a motion for summary judgment. Bagguley contends that the entire $4,000 at issue in this case was seized at his arrest, and that an additional $700 was taken but later returned. Notably, Bagguley does not dispute the allegation that $1,000 was actually handed over to the agent, nor does he deny promising to make a substantial final payment.

## DISCUSSION

Title 21 U.S.C. § 881(a)(6) provides, in relevant part for the forfeiture of all money

> ... furnished or intended to be furnished by any person in exchange for a controlled substance in violation of this subchapter, all proceeds traceable to such an exchange, and all moneys ... used or intended to be used to facilitate any violation of this subchapter.

The Government bears the initial burden of proving probable cause for seizure of the money at issue. 21 U.S.C. § 881(d); *United States v. $2,500 in United States Currency* (2d Cir.1982) 689 F.2d 10, 12, *cert. denied* — U.S. ——, 104 S.Ct. 1591, 80 L.Ed.2d 123 (1984). After this showing has been made the burden shifts to the claimant to establish, by a preponderance of the evidence, that the money at issue is not so connected to a narcotics transaction as to be subject to forfeiture. *United States v. $131,602.00 in U.S. Currency*, 563 F.Supp. 921, 923 (S.D.N.Y.1982).

■ The Government can satisfy its burden by showing a reasonable ground for belief that a substantial connection exists between the money to be forfeited and criminal activity, as defined in subchapter I of Title 21. *United States v. $364,960.00 in U.S. Currency* (5th Cir.1981) 661 F.2d 319, 323. Circumstantial evidence can be sufficient to make this showing, so long as the belief is reasonable when all circumstances are considered. *United States v. $93,685* (9th Cir.1984) 730 F.2d 571, 572, *cert. denied* — U.S. ——, 105 S.Ct. 119, 83 L.Ed.2d 61 (1984); *United States v. U.S. Currency, etc.* (E.D.N.Y.1980) 495 F.Supp. 147, 150.

■ Because this action is before us on a motion for summary judgment, we must resolve all factual discrepancies in favor of the party opposing the motion. *See United States v. Diebold, Inc.* (1962) 369 U.S. 654, 655, 82 S.Ct. 993, 994, 8 L.Ed.2d 176. Ironically, this axiom requires us to assume the Government's version of where the cash was seized rather than the claimant's version, because the claimant's asserted scenario presents an even stronger case for a reasonable belief that the cash was sufficiently related to a narcotics transaction.

The Government must show probable cause for seizing two separate amounts of cash: the $1,000 seized at the arrest site and the $3,000 seized at the apartment. For the cash seized at the arrest site, the Government's burden is easily met. The $1,000 was actually paid over to a DEA agent as partial payment for smuggling a package of heroin into the United States, clearly supporting a reasonable belief that it was furnished or intended to be furnished in violation of Federal narcotics laws.

The $3,000 seized from the apartment presents a slightly more difficult situation for the Government because it was not actually handed over to a DEA agent in exchange for illegal services. Still, the affidavits presented by the Government reveal abundant grounds for reasonable belief that the $3,000 was substantially connected to an illegal narcotics transaction. Immediately prior to his arrest, Bagguley stated his intention to return later the same evening with $23,000 for a final payment Earlier, during the first meeting in New York, Bagguley told his "smugglers" that he would be collecting proceeds from narcotics sales in order to make final payment for their services. Since $3,000 is "substantially greater than is commonly kept in residential premises by law-abiding wage earners," *United States v. $2,500 in U.S. Currency, supra,* 689 F.2d at 16, its presence among Bagguley's personal belongings in the apartment supports an inference that it was collected as proceeds from a narcotics sale, intended as part of the final payment, or both.

■ Having found that the Government has met its burden of probable cause, we must now consider whether the claimant has made any allegation which, if proven, would be sufficient to meet his burden in opposition to forfeiture. When cash is the subject of a forfeiture proceeding, a claimant can prevail upon a showing of an alternate source for the funds, and by refuting, with whatever facts deemed persuasive, any inference of intention to use the funds for an illegal narcotics transaction. *See United States v. $131,602.00 in U.S. Currency, supra,* 563 F.Supp. at 923.

Bagguley has made no allegations that would, if proven, meet his burden in this case. His claim that all $4,000 was seized at his arrest has no effect other than to strengthen the Government's showing of probable cause for seizure. His claim that an additional amount of money was seized and later returned, while certainly curious, has no bearing on the probable cause for the seizure at issue in this case, nor does it reveal any grounds for questioning forfeiture of the $4,000 retained by the Government.

In summary, the Government's motion for summary judgment is granted.[1]

SO ORDERED.

---

1. Having noted that the claimant seemed to misunderstand the nature of his burden under

the applicable forfeiture statute, we invited him, by letter dated June 21, 1985 to supplement his response if he were so inclined. This resulted in a letter of July 4, 1985 from the claimant and a response from the Government dated July 19, 1985. Both have been made a part of the official record, but do not require further comment.