45 F.3d 438
NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
 UNITED STATES of America, Plaintiff-Appellant,
v.
$147,642.00 U.S. CURRENCY; Miscellaneous Jewelry Valued at
$60,000.00; Three $1,000.00 Collector's Bills; One Twenty
Dollar Collector's Bill; One Five Dollar Collector's Bill;
One Two Dollar Collector's Bill; Six One Dollar Collector's
Bills, Defendants.
Melkon Mkryan; Sylvia Mkryan; Movses Mkryan, Claimants-Appellees.
 No. 93-55484.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted Oct. 6, 1994.
Decided Dec. 29, 1994.
 
 Before: WALLACE, Chief Judge, REINHARDT and BRUNETTI, Circuit Judges.
 
 MEMORANDUM
 
 1
 The government appeals from a judgment in which the district court ordered the return of $147,642 and other property to the claimants, Melkon Mkryan, Sylvia Mkryan, and Movses Mkryan. The judgment was entered after a probable cause hearing was held and the district court concluded that probable cause for forfeiture did not exist. We have jurisdiction over this timely appeal pursuant to 28 U.S.C. Sec. 1291. We affirm.
 
 
 2
 The district court's determination of probable cause in drug forfeiture actions is reviewed de novo. United States v. Padilla, 888 F.2d 642, 643 (9th Cir.1989) (Padilla ).
 
 
 3
 The forfeiture provision of the Controlled Substances Act, 21 U.S.C. Sec. 881, provides for the forfeiture of property used or intended to be used in exchange for illegal controlled substances. The government has the initial burden of demonstrating probable cause to believe that the seized property was involved with illegal drug transactions in order to obtain judgment of forfeiture. Padilla, 888 F.2d at 643. Probable cause to believe that some kind of illegal activity has taken place is insufficient. The government must show that the "property is involved in the activity subject to the specific forfeiture statute it invokes." United States v. $191,910.00 in U.S. Currency, 16 F.3d 1051, 1071 (9th Cir.1994). Under the aggregate of the facts test applied in this circuit, "[p]robable cause cannot be shown unless the aggregate of facts gives rise to more than mere suspicion that the property was exchanged for or intended to be exchanged for drugs." Padilla, 888 F.2d at 643-44. If the government demonstrates probable cause, the burden shifts to the claimant to prove by a preponderance of the evidence that the property was not involved with illegal drug activity. Id. at 643.
 
 
 4
 We have explained that the standard for determining whether probable cause exists for forfeiture is similar to that required to obtain a search warrant. United States v. One 56-Foot Motor Yacht Named The Tahuna, 702 F.2d 1276, 1281 (9th Cir.1983) (The Tahuna ). Yet there is a critical difference between a probable cause hearing for purposes of forfeiture and a probable cause hearing for purposes of obtaining a search warrant. A search warrant is typically obtained in an ex parte proceeding before a magistrate. A hearing to determine whether probable cause exists for forfeiture, however, is not an ex parte proceeding. Thus, although the claimant may not introduce independent evidence to prove that the property was not used in connection with a drug transaction, the claimant may introduce evidence which discounts or refutes the probative value of evidence offered by the government to establish probable cause. As we explained in The Tahuna, "a claimant in a forfeiture proceeding may defend against forfeiture of its property in either or both of two ways: first, it may refute the government's showing of probable cause, and second, it may come forward with affirmative evidence and prove, by a preponderance of the evidence, that [the property] was not used for the illegal purpose as alleged." Id. (emphasis added).
 
 
 5
 The government presented several pieces of evidence which tend to suggest that the seized property may have been used in connection with drug transactions. However, at the probable cause hearing, the claimants introduced evidence which severely weakened any inferences of drug trafficking created by the evidence introduced to support a finding of probable cause.
 
 
 6
 The government maintains that Sylvia Mkryan was in possession of pay/owe sheets. However, she testified that these documents, which were in Armenian, concerned loans taken by Melkon Mkryan, expenses from his gas station, and lists of people in Armenia who owed the claimants money for the sale of their appliances and furniture before they emigrated. Although the government continues to assert that these documents relate to the sale of drugs, it introduced no evidence to show that they were anything other than what Sylvia Mkryan claimed they were.
 
 
 7
 Sylvia Mkryan's possession of $147,642 in cash by itself raises suspicions. United States v. $93,685.61 in U.S. Currency, 730 F.2d 571, 572 (9th Cir.1984). However, an inference of drug trafficking created by the possession of this large amount of cash can be diminished by the legitimate justifications presented by the claimants. Indeed, Sylvia Mkryan was returning home with her son and a real estate agent after they had been attempting to purchase a house in the $400,000 to $600,000 range. In addition, their ownership of a gas station provided another explanation for the cash, as well as the evidence that they may have been illegally distributing cigarettes. Additionally, the inference that the cash was used in connection with drug transactions is less persuasive because the money and the drugs were not found in the same location. While a dog positively alerted to the cash, the alert's probative value is limited and is insufficient to establish probable cause on its own. See United States v. U.S. Currency, $30,060.00, No. 92-55919, slip op. 13695, 13701-02 (9th Cir. Nov. 8, 1994).
 
 
 8
 The Sheriff's Deputies found only 4.13 grams at the residence, an amount consistent with Melkon Mkryan's contention that it was for his personal use. While the possession of such a small amount of cocaine can support an inference of intent to distribute when combined with other evidence, United States v. Ramirez, 608 F.2d 1261, 1264 (9th Cir.1979), no paraphernalia, scales, baggies or other evidence of distribution were found. The tip that ten kilograms of cocaine were in the Mkryan residence, on the basis of which the Sheriff's Deputies decided to search the Mkryans' residence, contributes to a showing of probable cause. See The Tahuna, 702 F.2d at 1284. However, the small amount of cocaine, the absence of drug paraphernalia, and the admission by the deputy in charge that during surveillance he saw no evidence of drug trafficking out of the house all diminish the tip's probative value.
 
 
 9
 Although the trap door is also suspicious, any inference of drug trafficking created by its existence is lessened by the evidence that the Mkryans appear to be illegally distributing cigarettes and the absence of evidence of drug distribution in the house. Finally, the claimants' possession of a cellular phone and a beeper was counterbalanced by the claimed business use.
 
 
 10
 In light of the uncontroverted explanations provided for the possession of the cash and pay/owe sheets, as well as evidence suggesting that the trap door may have been used to conceal items other than narcotics, and the total absence of any paraphernalia, scales, baggies, weapons or other typical evidence of drug trafficking, we affirm the district court's decision that the government failed to establish probable cause for forfeiture in this case.
 
 
 11
 AFFIRMED.
 
 
 12
 Note: This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36-3.