**UNITED STATES of America, Plaintiff,**

v.

**EIGHT FIREARMS and One Ballast Reflector and Sodium Bulb, Defendants.**

**Civ. A. No. 2:94–0980.**

United States District Court, S.D. West Virginia, Charleston Division.

April 10, 1995.

---

**17.** *See supra* part II.B.2.

Betty A. Pullin, Asst. U.S. Atty., Rebecca A. Betts, Charleston, WV, for plaintiff.

Fredrick James Dexter, Morgantown, WV, for Fredrick James Dexter.

## MEMORANDUM OPINION AND ORDER

HADEN, Chief Judge.

On November 8, 1994, the United States filed a verified Complaint for Forfeiture. On November 25, 1994, this action was referred to the Honorable Jerry D. Hogg, United States Magistrate Judge, for submission to this Court of his proposed findings of fact, conclusions of law and recommendation for disposition, pursuant to 28 U.S.C. § 636(b)(1)(B). Pending are the United States' motion for summary judgment and a final order of forfeiture, Claimant's motions to dismiss filed December 20, 1994, and January 10, 1995, and Claimant's motion to suppress evidence. On March 27, 1995, Magistrate Judge Hogg submitted to this Court a Report–Recommendation and recommended the Claimant's motions to dismiss be denied; Claimant's motion to suppress be denied; and that the defendant property be forfeited to the United States, free and clear of any adverse right, title or interest. Magistrate Judge Hogg further recommended the United States Marshal be directed to dispose of the forfeited property according to law.

The Claimant filed objections to the Magistrate Judge's findings and recommendations on April 7, 1994. The Court has considered Claimant's objections and reviewed de novo those portions of the Magistrate Judge's Report–Recommendation to which the Claimant objects and concludes that the Claimant's objections are without merit. The Court hereby adopts said findings and recommendations and ORDERS the United States' motion for summary judgment is GRANTED; the Claimant's motions to dismiss filed December 20, 1994, and January 10, 1995, are DENIED; Claimant's motion to suppress evidence is DENIED; and the following defendant property is FORFEITED to the United States, free and clear of any adverse right, title or interest:

1. One ballast;

2. One reflector with sodium bulb;

3. One North American Magnum Pistol, Serial No. W21590;

4. One Davis .32 Caliber pistol, Serial No. 346330;

5. One Smith & Wesson .41 Magnum pistol, Serial No. N650417;

6. One Chinese SHS rifle, Serial No. 114867;

7. One Ruger Mini 14 .223 caliber rifle, Serial No. 18843691;

8. One A–1 Carbine rifle, no serial number;

9. One Savage .300 caliber rifle, Serial No. 637544;

10. One Browning .9 mm pistol, Serial No. 245DV03941; and

11. Any related ammunition, slings, holsters, scopes, and bayonets seized in connection with the forfeited firearms.

It is further ORDERED that the United States Marshal is directed to dispose of the forfeited property according to law.

## REPORT–RECOMMENDATION

HOGG, United States Magistrate Judge.

On November 8, 1994, the United States filed a verified Complaint for Forfeiture and on November 9, 1994, the undersigned magistrate judge issued a Warrant of Arrest in rem based on a finding of probable cause.

On November 25, 1994, this matter was referred to the undersigned magistrate judge to make proposed findings of fact, conclusions of law, and recommendation pursuant to 28 U.S.C. § 636(b)(1)(B).

On November 30 and December 8, 1994, the United States Marshal served the Warrant of Arrest on the defendant property bringing it within the jurisdiction of the Court.

On November 15, 1994, the United States served, by mail, a summons, the verified complaint and the warrant of arrest in rem upon Frederick James Dexter, (hereinafter "claimant"), as evidenced by the notice and acknowledgement of service by mail filed with the Clerk of the court. On or about

November 21 and November 29, 1994, claimant filed an answer and a verified claim, respectively.

The United States published a Legal Notice of Forfeiture in the Charleston Gazette on November 18, 25, and December 2, 1994, as evidenced by the Affidavit of Publication filed with the Clerk of the court. The United States has complied with the notice provisions of the Supplemental Rules of Certain Admiralty and Maritime Claims.

On February 13, 1995, the United States filed a motion for summary judgment with supporting memorandum.

On March 2, 1995, the claimant filed DEFENDANT'S MOTION OPPOSING UNITED STATES MOTION FOR SUMMARY JUDGMENT AND FOR FINAL ORDER OF FORFEITURE WITH DEFENDANT'S MOTION TO SUPPRESS EVIDENCE SEIZED IN SEARCH.

No verified claims have been filed by any other person as required by the terms of the Warrant of Arrest and the Supplemental Rules of Certain Admiralty and Maritime Claims and any claim now would be time-barred.

Because the United States has established probable cause to forfeit the defendant property and the claimant has failed to raise any genuine issue of material fact as to its forfeitability, the undersigned magistrate judge finds that the United States is entitled to summary judgment in its favor as a matter of law and to a final order of forfeiture.

The undersigned magistrate judge finds that the verified complaint of forfeiture, which incorporates the affidavit of Trooper First Class S.R. Jones attached to it as "Exhibit A", sufficiently identifies all eight firearms for which the United States is seeking forfeiture. Fed.R.Civ.P. 10(c).

The forfeiture provisions of Title 21 provide that once the United States demonstrates probable cause for forfeiture, the burden of proof shifts to the claimant to demonstrate by a preponderance of the evidence that the property is not subject to forfeiture. 19 U.S.C. § 1615 incorporated into Title 21 forfeitures by 21 U.S.C. § 881(d). This burden shifting has been held constitutional.

*United States v. Santoro,* 866 F.2d 1538, 1544 (4th Cir.1989).

■■■ Probable cause has been generally held to be a belief grounded in more than mere suspicion, but less than prima facie proof. *United States v. $93,685.61 in U.S. Currency,* 730 F.2d 571, 572 (9th Cir.), cert. denied, 469 U.S. 831, 105 S.Ct. 119, 83 L.Ed.2d 61 (1984). The question of probable cause is a question of law. *United States v. $364,960 in U.S. Currency,* 661 F.2d 319, 328 (5th Cir.1981). Circumstantial evidence is sufficient to show probable cause. *United States v. $93,685.61 in U.S. Currency* 730 F.2d 571 (9th Cir.), cert. denied, 469 U.S. 831, 105 S.Ct. 119, 83 L.Ed.2d 61 (1984). Probable cause may also be established by otherwise inadmissible hearsay testimony because the question of probable cause does not depend upon the admissibility of the evidence upon which the government relies but only upon the legal sufficiency and reliability of that evidence. *United States v. 1982 Yukon Delta Houseboat,* 774 F.2d 1432, 1434 (9th Cir.1985), and *United States v. One 56–Foot Motor Yacht Named Tahuna,* 702 F.2d 1276, 1283 (9th Cir.1983).

■■■ For property to be forfeitable pursuant to 21 U.S.C. § 881, the United States must show probable cause for the belief that a substantial connection exists between the property forfeited and the criminal activity defined by the statute. *United States v. Thomas,* 913 F.2d 1111, 1114 (4th Cir.1990); *United States v. $95,945.18 in U.S. Currency,* 913 F.2d 1106, 1110 (4th Cir.1990); and *Boas v. Smith,* 786 F.2d 605, 609 (4th Cir.1986).

Direct connection between the property subject to seizure and the illegal activity that renders the items forfeitable need not be shown in order to establish probable cause.

*United States v. Thomas,* 913 F.2d 1111 at 1114 (4th Cir.1990) [quoting *United States v. Edwards,* 885 F.2d 377, 390 (7th Cir.1989) ]. Furthermore, the Court cannot dissect strands of evidence as "discrete and disconnected occurrences" to defeat a finding of probable cause, but must apply the probable cause standard to the facts in their totality.

*United States v. Thomas,* 913 F.2d 1111 at 1115 (4th Cir.1990).

In claimant's motion filed March 2, 1995, he alleges that he had a reasonable expectation of privacy in his curtilage and that his Fourth Amendment rights were violated when the State Police helicopter conducted aerial surveillance of his curtilage at an altitude of less than 1,000 feet, relying upon *California v. Ciraolo,* 476 U.S. 207, 106 S.Ct. 1809, 90 L.Ed.2d 210 (1986). Claimant further alleges that any exigent circumstances which may have arisen necessitating a warrantless search were deliberately created by the low altitude approach of the helicopter.

■ It is clear that claimant's backyard, surrounded by a ten-foot wooden fence, was within the curtilage of his home. *California v. Ciraolo,* 476 U.S. 207, 213, 106 S.Ct. 1809, 1812, 90 L.Ed.2d 210 (1976). However, the Supreme Court held in *Ciraolo,* that a property owner who puts up double ten-foot fences has an "unreasonable" expectation of privacy from aerial surveillance of his curtilage when aircraft are flying within navigable airspace. 476 U.S. at 213–214, 106 S.Ct. at 1812–1813.

■ It is equally clear from the case law that a helicopter conducting aerial surveillance of marihuana growing in the claimant's backyard at an altitude as low as 100 feet is not violative of his Fourth Amendment rights. *Florida v. Riley,* 488 U.S. 445, 109 S.Ct. 693, 102 L.Ed.2d 835 (1989); and *Giancola v. W. Va. Dept. of Public Safety, et al.,* 830 F.2d 547 (4th Cir.1987); 49 U.S.C.App. § 1304 and 14 C.F.R. § 91.119 (1994).

■ Claimant further alleges that the State Police created exigent circumstances to conduct a warrantless search by flying the helicopter at an altitude of less than 1,000 feet. The exigent circumstances in this case arose because the officers, while in the helicopter, noted that "[i]t was apparent that persons on the ground in the vicinity had observed the helicopter and that removal of the marihuana was likely." Accordingly, the undersigned magistrate judge finds that the aerial surveillance for marihuana conducted by the State Police in this case did not violate the claimant's Fourth Amendment rights and

exigent circumstances, consisting of claimant's destruction of the marihuana, necessitated the lawful, warrantless search of the claimant's curtilage in this case.

Claimant also asserts that the search by the State Police went beyond the scope of his consent. However, Trooper Jones did not concentrate his search of Dexter's residence on firearms as suggested. After finding the firearms and grow apparatuses in claimant's bedrooms, Jones asked claimant if there were any other loaded firearms or marihuana in the residence. In response, Dexter retrieved a loaded handgun and a container of marihuana seeds from the living room and gave them to Jones.

■ Based on the foregoing, Dexter consented to the search of his entire residence for marihuana. In conducting the search for marihuana, pursuant to Dexter's consent, and discovering in plain view the firearms and the grow apparatuses, Jones was in a place where he had the right to be. He happened upon the guns and grow apparatuses inadvertently and it was readily apparent to him, based on his experience as a law enforcement officer, that the firearms and grow apparatuses constituted evidence of Dexter's unlawful marihuana cultivation activities. Therefore, Jones' seizure of the defendant property was not in violation of the Fourth Amendment and the evidence seized in that search should not be suppressed.

■ Claimant asserts further that there has been an unreasonable delay in the forfeiture action. This action was instituted immediately after claimant asserted rights to the defendant property by filing a Rule 41 motion for return of property. The claimant has not suffered any prejudice by the delay. As a convicted felon and one who is incarcerated, the claimant cannot lawfully possess or use firearms. In addition, the grow apparatuses serve no useful or necessary lawful purpose to him in prison. The undersigned magistrate judge finds that the delay of two years and three months between the seizure of the defendant property and the initiation of the forfeiture action does not violate the claimant's rights to due process.

Dexter further asserts that the forfeiture of his property is excessive under the Eighth Amendment. However, that the claimant might have also used his firearms for legitimate purposes, such as hunting, is not an appropriate defense to their forfeiture. The law is not that the firearms were used substantially for a legitimate versus an illegitimate purpose, but that the firearms and grow apparatuses be substantially connected to the illegal activity for which forfeiture is sought. *United States v. Thomas,* 913 F.2d 1111, 1114 (4th Cir.1990); *United States v. $95,945.18 in U.S. Currency,* 913 F.2d 1106, 1110 (4th Cir.1990). It is readily apparent from the photographic exhibits incorporated into the United States' motion for summary judgment that the firearms and the grow apparatuses were substantially connected to claimant's unlawful marihuana cultivation offenses.

Finally, claimant's allegations that he was not using the reflector, ballast, and sodium bulb to cultivate marihuana has no credit. For the forgoing reasons, the undersigned magistrate judge finds the claimant's motion to suppress evidence without merit and must be denied.

**WHEREFORE,** based on the foregoing and on the affidavit of TFC S.R. Jones ("Motion Exhibit A") and accompanying Photo Exhibit L, the undersigned magistrate judge hereby finds that the defendant property consisting of one ballast, one reflector, and one sodium bulb constitute products and equipment used or intended for use in the manufacturing and processing of marihuana, in violation of 21 U.S.C. § 841(a)(1), and as a result are forfeitable to the United States pursuant to 21 U.S.C. § 881(a)(2).

**WHEREFORE,** based on both Affidavits of TFC S.R. Jones, one of which is attached to and incorporated into the verified complaint as "Exhibit A" and the second of which is attached to and incorporated into the United States' motion for summary judgment as "Motion Exhibit A," the undersigned magistrate judge finds that the defendant firearms, having been loaded, easily accessible, and within close proximity to the marihuana, were used to facilitate Frederick James Dexter's possession and concealment of his culti-

vated marihuana and, as a result, are forfeitable to the United States pursuant to 21 U.S.C. § 881(a)(11). *See also, United States v. One Hundred Forty–Nine Thousand Four Hundred Forty–Two and 43/100 Dollars ($149,442.43), et al.,* 965 F.2d 868, 875–876 (10th Cir.1992); *United States v. Hadfield,* 918 F.2d 987, 996–998 (1st Cir.1990), *cert. denied,* 500 U.S. 936, 111 S.Ct. 2062, 114 L.Ed.2d 466 (1991); and *United States v. Bullock,* 914 F.2d 1413, 1416–1417 (10th Cir. 1990); and *United States v. Lyman,* 892 F.2d 751 (8th Cir.1989), *cert. denied,* 498 U.S. 810, 111 S.Ct. 45, 112 L.Ed.2d 21 (1990).

The undersigned magistrate further finds that the claimant, Frederick James Dexter, has failed to raise a genuine issue of material fact as to the forfeitability of the defendant property.

The undersigned magistrate judge further finds that probable cause having been established and no other verified claims having been filed, the United States is entitled to summary judgment in its favor and a Final Order of Forfeiture forfeiting the defendant property to the United States, free and clear of any adverse right, title or interest. *United States v. One 56–Foot Motor Yacht Named Tahuna,* 702 F.2d 1276 (9th Cir.1983) and *Celotex v. Catrett,* 477 U.S. 317, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986).

The undersigned magistrate judge further finds that forfeiture of the defendant property to the United States is not excessive under the Eighth Amendment and *United States v. Chandler,* 36 F.3d 358 (4th Cir.1994) for the reasons stated in the United States' Motion for Summary Judgment and Memorandum of Law in support, which reasons the Court adopts and incorporates by reference into the final order.

Therefore, for the reasons stated above, it is

**RECOMMENDED** that the claimant's motions to dismiss filed on December 20, 1994, and January 10, 1995, be denied; claimant's motion to suppress evidence seized in search be denied; and the following defendant property be forfeited to the United States, free and clear of any adverse right, title or interest:

1. One ballast;

2. One reflector with sodium bulb;

3. One North American Magnum Pistol, Serial No. W21590;

4. One Davis .32 Caliber pistol, Serial No. 346330;

5. One Smith & Wesson .41 Magnum pistol, Serial No. N650417;

6. One Chinese SHS rifle, Serial No. 114867;

7. One Ruger Mini 14 .223 caliber rifle, Serial No. 18843691;

8. One A–1 Carbine rifle, no serial number;

9. One Savage .300 caliber rifle, Serial No. 637544;

10. One Browning .9 mm pistol, Serial No. 245DVO3941; and

11. Any related ammunition, slings, holsters, scopes and bayonets seized in connection with the forfeited firearms.

It is further **RECOMMENDED** that the United States Marshal be directed to dispose of the forfeited property according to law.

Plaintiff and the claimant are hereby notified that a copy of this **REPORT–RECOMMENDATION** will be submitted to the Honorable Charles H. Haden II, Chief Judge, and that, in accordance with the provisions of Rule 72(b), Federal Rules of Civil Procedure, the parties may, within 13 days of the date of filing of this **REPORT–RECOMMENDATION** serve and file written objections with the Clerk of the court, identifying the portions of the **REPORT–RECOMMENDATION** to which objection is made and the basis for such objections. The Judge will make a *de novo* determination of those portions of the **REPORT–RECOMMENDATION** to which objection is made in accordance with the provisions of 28 U.S.C. § 636(b) and the parties are advised that failure to file timely objections will result in a waiver of their right to appeal from a judgment of the district court based on such **REPORT–RECOMMENDATION.** Copies of objections shall be served on all parties with copies of the same to Judge Haden and this magistrate judge.

The Clerk is directed to send certified copies of this **REPORT–RECOMMENDATION** to counsel of record, to the United States Marshals Service, and to Frederick James Dexter, # 04036–088, Gerard Unit, FCI Morgantown, West Virginia, 26507–1000.

ENTER: March 27, 1995.