87 F.3d 1324
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
 UNITED STATES of America, Plaintiff-Appellee,
v.
ONE 1986 DASSAULT FALCON 50, XA-RXZ, and all property,
equipment and tools thereon, attached thereto and including
the log books registered to Aviorrenta, S.A.; One 1986
Cessna Citation III, XA-RZQ, and all property, equipment and
tools thereon, attached thereto and including the log books,
registered to Aviorrenta, S.A.; One 1980 Gates Lear Jet
25D, XA-REE; One 1972 Gates Lear Jet 24D, XA-RUJ; One 1973
Lear Jet 24D XA-ROX; One 1977 Lockheed Jet Star II, Model
1329 XA-ACC, Defendants
and
Aviorrenta, S.A.; Aerolineas Muri, S.A. de C.V.;
Aeroservicios Trans-Mexico, S.A. de C.V.,
Claimants-Appellants.
 
 No. 95-15655.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted May 17, 1996.
Decided June 26, 1996.
 Before: NORRIS, T.G. NELSON and TASHIMA, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 OVERVIEW
 
 2
 This appeal concerns the civil forfeiture in rem of six aircraft. Claimants Aviorrenta, Aerolineas Muri ("Muri"), and Aerocervicios Trans-Mexico ("Trans-Mexico"), three Mexican corporations, appeal the default judgments entered against them after the district court struck their claims, finding that the claimants lacked standing to file claims pursuant to 18 U.S.C. § 981(a)(1) and 21 U.S.C. § 881(a).
 
 
 3
 Because the parties are familiar with the facts, we need not recite them here.
 
 DISCUSSION
 
 4
 The claimants failed to comply with Rule C(6) of the Supplemental Rules For Certain Admiralty and Maritime Claims. Rule C(6) provides:
 
 
 5
 The claim shall be verified on oath or solemn affirmation, and shall state the interest in the property by virtue of which the claimant demands its restitution and the right to defend the action. If the claim is made on behalf of the person entitled to possession by an agent, bailee, or attorney, it shall state that the agent, bailee, or attorney is duly authorized to make the claim.
 
 
 6
 Aviorrenta's claim was executed by Luis Fernando Garcia Hernandez, the former manager of the company. The district court found that Garcia Hernandez was not working for Aviorrenta at the time he executed the claim and Garcia Hernandez had not been reauthorized to represent Aviorrenta. Thus, the court held that Garcia Hernandez did not have the power to act for the corporation. The record supports the district court's findings that none of the record owners or officers authorized Garcia Hernandez to make the claim for Aviorrenta, and thus Aviorrenta failed to comply with Rule C(6) of the Supplemental Admiralty Rules.
 
 
 7
 Amparo Solis Espinoza executed a claim on behalf of Muri. Claimants submitted minutes of a stockholder meeting as evidence of Solis Espinoza's authorization to act for Muri. However, that meeting never took place, and the individuals recited in the minutes as attending and participating in the meeting, at their depositions, denied they ever attended any such meeting. Further, alleged shareholders of the companies deny ever attending any stockholder or board of directors meetings.
 
 
 8
 Thus, the district court's finding of fact that Solis Espinoza had no authority to represent Muri in the forfeiture action is not clearly erroneous.
 
 
 9
 Solis Espinoza also executed a claim on behalf of Trans-Mexico. Claimants submitted a copy of the minutes of the Trans-Mexico stockholders' meeting dated February 28, 1991, as evidence of Solis Espinoza's authorization to execute the claim. The corporate minutes were prepared by Lucio Cano Barraza, one of the record owners of Trans-Mexico. However, it is admitted that Cano Barraza made no contribution to the company and did not know the other partners. Cano Barraza signed under oath that the signatures of the people attending the meeting are authentic, despite the fact he had previously stated that he knew none of the parties who signed the agreement, was not in attendance at the meeting, and was unable to identify any of the parties executing the agreement.
 
 
 10
 Again, the record supports the district court's finding of fact that the minutes purporting to authorize Solis Espinoza to represent Trans-Mexico were fabricated.
 
 
 11
 The claimants have failed to prove standing or to demonstrate an interest in the seized property. As such, the district court did not abuse its discretion in denying the claimants' motions to set aside the defaults.
 
 
 12
 Finally, the application of Mexican corporate law to this case is irrelevant. The district court struck the claims based on the fact that the claims failed to comply with Rule C(6) of the Supplemental Admiralty Rules. The claimants have failed to prove that either Garcia Hernandez or Solis Espinoza was truly authorized to contest the forfeiture action. Thus, regardless of the fact that the corporate minutes may have been notarized, the district court did not abuse its discretion in denying the motion to set aside the defaults. See United States v. One Parcel of Land, Known as Lot 111-B, 902 F.2d 1443, 1444 (9th Cir.1990) (Regardless of the fact that claimant was listed as the title owner of an undivided 41.65% interest in the property, the court found that claimant was still a mere "nominal owner," and thus lacked standing to challenge the forfeiture.); United States v. One 1945 Douglas C-54, 604 F.2d 27, 28-29 (8th Cir.1979) ("The mere fact that the certificate of aircraft registration was issued to [claimant] does not determine rights of ownership in the aircraft....").
 
 
 13
 Probable Cause to Forfeit Defendant Property
 
 
 14
 "[T]he government's belief that the property is subject to forfeiture must be more than a mere suspicion but can be less than prima facie proof." United States v. $191,910.00 in U.S. Currency, 16 F.3d 1051, 1071 (9th Cir.1994). "Circumstantial evidence of drug transactions is sufficient to support the establishment of probable cause in a forfeiture proceeding." United States v. $93,685.61 in U.S. Currency, 730 F.2d 571, 572 (9th Cir.) cert. denied, 469 U.S. 831 (1984). Probable cause is shown if the "aggregate of facts" gives rise to more than a mere suspicion that the seized property was involved in an illegal drug-related transaction. United States v. U.S. Currency $83,310.78, 851 F.2d 1231, 1235 (9th Cir.1988).
 
 
 15
 The verified complaint provides a detailed description of Aguilar with respect to the drug trafficking and money laundering allegations. Viewing the aggregate of the facts, the district court did not err in finding that the evidence established more than a mere suspicion that the defendant aircraft were involved in illegal drug-related transactions, and therefore the complaint established probable cause to support the forfeiture.
 
 
 16
 AFFIRMED.
 
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36-3