**UNITED STATES of America,**
**Plaintiff—Appellee,**

**Christopher Boultinghouse,**
**Claimant—Appellant,**

v.

**$58,422.00 IN U.S. CURRENCY, one 2000 Ford F–350 Truck, Vin 1FTSW31S5YED90729, and 2 Pieces of Jewelry, Defendants.**

No. 04–55094.

United States Court of Appeals,
Ninth Circuit.

Argued & Submitted Oct. 18, 2005.

Decided Nov. 14, 2005.

---

United States Attorney's Office, Los Angeles, CA, for Plaintiff–Appellee.

Richard M. Barnett, Esq., San Diego, CA, for Claimant–Appellant.

Before: HUG, PREGERSON, and CLIFTON, Circuit Judges.

MEMORANDUM *

Christopher Boultinghouse appeals the district court's grant of summary judgment for the government on its *in rem* civil forfeiture action against $58,422 in cash, a vehicle, and two pieces of jewelry (the "defendant assets"). We affirm the district court.

We review the district court's grant of summary judgment *de novo*. *Buono v. Norton*, 371 F.3d 543, 545 (9th Cir.2004). The inferences drawn from the underlying facts must be viewed in the light most favorable to the nonmoving party. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587–88, 106 S.Ct. 1348, 1356, 89 L.Ed.2d 538 (1986).

Ultimately, in order to prevail at trial, the government would have to prove by a preponderance of evidence that the defendant assets are traceable to drug trafficking. *See* 18 U.S.C. § 983(c)(1). We use an "aggregate of facts" test to determine whether the defendant assets are so traceable, analyzing facts cumulatively rather than in isolation. *See United States v. U.S. Currency, $42,500.00*, 283 F.3d 977, 980 (9th Cir.2002).

In this case, a legal search in March 2002 of Boultinghouse's apartment yielded 54 bottles containing 3,564 grams of illegal gammabutyrolactone ("GBL"), smaller quantities of other illegal drugs, drug paraphernalia, stacks of bundled currency totaling $34,500 ($26,820 of which was in $20 bills) from a closet safe, and a money-counting machine found next to the safe. Documents revealed that Boultinghouse was paying $1,300 in monthly rent. State employment records showed, however, that just $696 in wages were paid to Boultinghouse for the period between January 1, 2001 and September 30, 2002. Boultinghouse also stated that he had not filed tax returns for several years. A subsequent search of Boultinghouse's apartment in April 2002 yielded $23,922 in cash and two pieces of jewelry.

Our circuit has noted that $30,000 cash is an "extremely large amount" to be kept in a home. *United States v. $29,959 U.S. Currency*, 931 F.2d 549, 553 (9th Cir.1991). Nevertheless, to establish the necessary connection between such assets and drug trafficking, we have required that the assets "be 'in combination with other persua-

---

* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

**22**

sive circumstantial evidence.' " *United States v. Padilla,* 888 F.2d 642, 644 (9th Cir.1989) (quoting *United States v. $93,685.61 in U.S. Currency,* 730 F.2d 571, 572 (9th Cir.1984) (per curiam)). *Padilla* establishes that "[p]articularly persuasive [evidence] is the presence of drugs or drug paraphernalia." 888 F.2d at 644.

In the instant case, both drugs and drug paraphernalia were found in close proximity to some of the defendant assets. The aggregate of facts also included a money-counting machine and Boultinghouse's lack of legitimate income sources. There is no genuine issue as to the existence of these facts, and there are clear inferences that the defendant assets were acquired from drug trafficking. Nor has Boultinghouse produced any evidence that he acquired the defendant assets from any other source, from which inferences favorable to him could be drawn. *See* Fed.R.Civ.P. 56(e) (adverse party "must set forth specific facts showing that there is a genuine issue for trial"). Although Boultinghouse's expert speculated that other illegal activity could have been the source of the defendant assets, no evidence of such activity was presented.

Although Boultinghouse would rely on two of our circuit's cases to reverse the summary judgment, *United States v. $405,089.23 U.S. Currency,* 122 F.3d 1285 (9th Cir.1997), and *United States v. Real Property Known As 22249 Dolorosa Street,* 167 F.3d 509 (9th Cir.1999), both cases involved forfeitures where neither drugs nor drug paraphernalia were found in close physical proximity to seized assets.

AFFIRMED.

* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.