**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

OCT 3 2017

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 15-55484 |
| Plaintiff-Appellee, | D.C. No. 2:10-cv-04465-DOC-RNB |
| $30,464.00 IN U.S. CURRENCY, | |
| Defendant. | MEMORANDUM[*] |
| v. | |
| VERONICA ANA MARIA RAMIREZ, | |
| Claimant-Appellant, | |

Appeal from the United States District Court
for the Central District of California
David O. Carter, District Judge, Presiding

Submitted September 26, 2017[**]

Before:   SILVERMAN, TALLMAN, and N.R. SMITH, Circuit Judges.

Veronica Ana Maria Ramirez appeals pro se from the district court's

summary judgment in a civil forfeiture action under 21 U.S.C. § 881(a)(6) for

---

[*]   This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]   The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

$30,464 in U.S. currency that was seized from Ramirez's residence. We have jurisdiction under 28 U.S.C. § 1291. We review de novo. *United States v. $133,420.00 in U.S. Currency*, 672 F.3d 629, 637 (9th Cir. 2012). We affirm.

The district court properly granted summary judgment because, in light of the evidence submitted by the government and the facts properly deemed admitted due to Ramirez's failure to respond timely to the government's requests for admission, Ramirez failed to establish a genuine dispute of material fact as to whether there was no substantial connection between the seized currency and illegal drug activity. *See* 18 U.S.C. § 983(c)(1) ("[T]he burden of proof is on the Government to establish, by a preponderance of the evidence, that the property is subject to forfeiture . . . ."); Fed. R. Civ. P. 36(a)(3) (providing that a matter is deemed admitted unless party serves timely answer or objection to request for admission); *Conlon v. United States*, 474 F.3d 616, 621 (9th Cir. 2007) ("Unanswered requests for admissions may be relied on as the basis for granting summary judgment."); *United States v. Currency, U.S. $42,500.00*, 283 F.3d 977, 980 (9th Cir. 2002) (funds must be traceable to drug trafficking taking into account all facts cumulatively); *United States v. $22,474.00 in U.S. Currency*, 246 F.3d 1212, 1217 (9th Cir. 2001) ("Evidence of a prior drug conviction is probative of probable cause."); *United States v. $93,685.61 in U.S. Currency*, 730 F.2d 571, 572 (9th Cir. 1984) (currency forfeitable where found in the same room as drug

15-55484

paraphernalia).

**AFFIRMED.**