[Crim. No. 14727.   Second Dist., Div. One.   May 28, 1969.]

THE PEOPLE, Plaintiff and Respondent, v. CHARLES WILLIAM TARKINGTON, Defendant and Appellant.

Donald F. Roeschke, under appointment by the Court of Appeal, for Defendant and Appellant.

Thomas C. Lynch, Attorney General, William E. James, Assistant Attorney General, and Suzanne E. Graber, Deputy Attorney General, for Plaintiff and Respondent.

THOMPSON, J.—Appellant, after a waiver of jury trial and submission of the matter upon the transcript of his preliminary hearing and a stipulation of counsel, was convicted of a violation of Penal Code section 12021, possession of a concealable firearm by a person previously convicted of a felony. This appeal does not contest the sufficiency of the evidence upon which the conviction is based, but attacks the validity of the search which disclosed the proscribed weapon.

### FACTS

On June 8, 1967, at about 9 p.m., two Los Angeles County deputy sheriffs entered a Compton Avenue tavern on a routine "bar check." One of them observed what appeared to be the outline of a handgun under appellant's shirt. The officers then asked appellant to step outside. As the appellant and the two officers walked toward the door, one of the officers reached around appellant and felt an object which seemed to be a gun. The officer then removed a .32 caliber automatic from the person of appellant. Appellant was arrested and, having previously been convicted of a felony, was charged with the violation of Penal Code section 12021 of which he was subsequently convicted.[1]

---

[1]The information also charged prior felony convictions in addition to the conviction necessary for the substantive offense. The trial court

### PROCEEDINGS IN TRIAL COURT

At trial, appellant objected to the introduction in evidence of the .32 caliber automatic upon the ground that it was illegally obtained and, thus, preserved for appeal the question now before us.

### LEGALITY OF SEARCH

██ We conclude that the weapon which constitutes the critical item of evidence against appellant was legally seized and properly admitted in evidence. That conclusion may be sustained on either of two bases: (1) the weapon was seized incident to the arrest of appellant for an apparent misdemeanor being committed in the presence of the arresting officers; or (2) the seizure of the pistol resulted from a reasonable search for weapons conducted by officers incident to their right of self-protection in carrying out their duty of investigation of possible criminal behavior.

██ *Probable Cause to Arrest.* A search incident to a lawful arrest satisfies constitutional requirements. A peace officer lawfully may make an arrest when he has reasonable cause to believe that the person arrested has committed a public offense in his presence. (Pen. Code, § 836.) ██ In the case at bench, such reasonable cause is found in the observation by the arresting officers of what appeared to them to be a handgun beneath appellant's shirt. The trial court could properly find that from that observation there arose a reasonable and strong suspicion that appellant was in violation of Penal Code section 12025 which provides that "[A]ny person who carries concealed upon his person . . . any pistol . . . capable of being concealed upon the person without having a license to carry such firearm . . . is guilty of a misdemeanor, and if he has been convicted previously of any felony . . . is guilty of a felony."

Appellant argues that the absence of a license to carry the weapon is a necessary element of a violation of section 12025 and absent some evidence of a lack of a license there was no probable cause for the arrest. The argument fails. For the purpose of probable cause at least, the existence of a license which validates the possession of what would otherwise be contraband need not be disproved by the investigating officer. It is the burden of the person possessing the weapon to show his license. (*People* v. *Williams,* 184 Cal.App.2d 673 [7 Cal.

made no finding on the truth of those alleged priors and consequently is deemed to have found for appellant as to that portion of the charge. (Witkin, Cal. Criminal Procedure (1963) § 547, p. 557.)

Rptr. 604] ; see also *People* v. *Boo Doo Hong,* 122 Cal. 606 [55 P. 402] ; *People* v. *Harmon,* 89 Cal.App.2d 55 [200 P.2d 32].) We note, also, that appellant's ineptness in accomplishing complete concealment of the weapon did not relieve him from commission of the crime in the presence of the officers. (See *People* v. *Linden,* 185 Cal.App.2d 752 [8 Cal.Rptr. 640] ; *People* v. *McFarren,* 155 Cal.App.2d 383 [317 P.2d 998].)

██ *Reasonable Search Incident to Investigation.* A warrantless search not incident to a lawful arrest is nevertheless valid if otherwise reasonable. (*Terry* v. *Ohio,* 392 U.S. 1, 10 [20 L.Ed.2d 889, 899, 88 S.Ct. 1868].) "[T]here is 'no ready test for determining reasonableness other than by balancing the need to search [or seize] against the invasion which the search [or seizure] entails'." (*Terry* v. *Ohio, supra,* 322 U.S. at page 21 [20 L.Ed.2d at page 906].) Need to search is determined from "specific and articulable facts" which reasonably warrant the "intrusion." (*Terry* v. *Ohio, supra,* 322 U.S. at page 21 [20 L.Ed.2d at page 906.].) ██ In the case at bench, the deputy sheriffs observed that at 9 o'clock at night appellant in a public bar was carrying what appeared to be a pistol. The totality of circumstances was such as reasonably to require that the officers in discharge of their duty to protect the public from violence question the appellant to determine the precise nature of the object that appeared to be a weapon and his purpose in carrying it. The officers in the interest of their own protection were entitled to make a cursory search for weapons as a prelude to the questioning. The need to question and search a person who, in an urban area, is in apparent possession of a deadly weapon is so great as to justify the type of invasion of the rights of that person entailed by that need.

The judgment is affirmed.

Wood, P. J., and Fourt, J., concurred.