**Reginald Leon GREEN, Plaintiff in Error,**

**v.**

**The STATE of Oklahoma, Defendant in Error.**

**No. A–16624.**

Court of Criminal Appeals of Oklahoma.

Sept. 29, 1971.

Don Anderson, Public Defender, for plaintiff in error.

Larry Derryberry, Atty. Gen., for defendant in error.

BUSSEY, Presiding Judge.

Reginald Leon Green, hereinafter referred to as defendant was charged, tried and convicted in the District Court of

Oklahoma County for the offense of Carrying a Concealed Weapon, After Former Conviction of a Felony. His punishment was fixed at six (6) years imprisonment, and from said judgment and sentence a timely appeal has been perfected to this Court.

Officer Hoklotubbe of the Oklahoma City Police Department was riding patrol on August 22, 1970. He testified that about 6:00 p. m., he noticed an automobile run a stop sign at 16th and Prospect in Oklahoma City. He and his partner intercepted the car at 13th Street in the 1400 block and asked for the driver's license. The driver, whom Hoklotubbe identified in court as defendant stated he had no license, whereupon Hoklotubbe had him removed to the squad car.

At this point, Hoklotubbe observed what appeared to be the butt of a pistol underneath the seat, and upon investigation it turned out to be a .32 caliber automatic pistol. As Hoklotubbe was first approaching the other car he noticed defendant apparently trying to put something in the glove compartment. Upon further search he discovered a clip containing six live rounds for a .32 caliber pistol. A "BB" pistol was also found under the driver's seat.

Officer Campbell of the Oklahoma City Police Department testified that he was Hoklotubbe's partner that day. His testimony did not differ substantially except that he did not testify concerning the finding of the pistol clip, and further that defendant told him he did not know the pistol was in his car.

For the defendant, Hoklotubbe also testified that at the time of arrest defendant stated he did not know the gun was in the car.

James Washington testified that the .32 caliber pistol belonged to his father and was kept at home in a drawer. Defendant was at his house on August 22, but never did go inside. Some other boys were there who did go inside the house and they later went to play football.

Dale Woods testified that he was at James Washington's house that day but did not go inside. He named other boys who were there.

Sammie Woods testified he was at Washington's house that day and went inside, but never did see the pistol, and he never did see defendant inside the house.

Christopher Lee Mitchum testified that he was at Washington's house that day and went inside, and, although he had seen the gun on previous occasions, he did not see it that day. On recollection, he thought he did see the gun that day as a drawer was pulled open but he did not see anyone put it in defendant's car (Tr. 67).

Veleta Rivers testified that defendant came over to her house the afternoon of August 22 and they quarreled. She went to defendant's car and got some pictures and letters from under the front seat. After more argument, she returned them to defendant and he put them back under the driver's seat. There was a BB gun under the seat but no other type of pistol.

It was stipulated that if Officer Hervey of the Oklahoma City Police Department was present he would testify that after the arrest defendant told him he did not know the gun was in the car.

Defendant testified that he was 18 years old and on August 22, 1970, he was at James Washington's house around noon. A number of other boys were there. He went home and his little cousin sat in the car by himself listening to some tape recordings. He wound up later in the afternoon at Veleta's house, where they had some discussion and she wanted her letters and pictures returned. She got them from under the seat, then finally gave them back (Tr. 84). Defendant drove off alone and at 16th and Prospect encountered Officers Hoklotubbe and Campbell, who waved at him. He then got to 13th and Fonshill where the same officers stopped him and asked for his driver's license. When he replied he had none they searched him and put him in the squad car. While Campbell was writing out a ticket Hoklotubbe

searched the car and came up with a pistol, a .32 cal. After searching further he came up with the BB gun, which defendant had earlier put in the car. Defendant admitted the previous conviction for unauthorized use of a motor vehicle.

■ The first proposition contends that the verdict is not supported by the evidence. This Court has repeatedly held that where there is competent evidence in the record from which the jury could reasonably conclude that the defendant was guilty as charged, the Court of Criminal Appeals will not interfere with the verdict, even though there is a sharp conflict in the evidence and different inferences may be drawn therefrom, since it is the exclusive province of the jury to weigh the evidence and determine the facts. Jones v. State, Okl.Cr., 468 P.2d 805 (1970).

■ The final proposition contends the punishment is excessive. We need only observe that the punishment imposed was within the range provided by law and does not shock the conscience of the Court.

The record is free of any error which would require reversal or justify modification and the Judgment and Sentence is accordingly affirmed.

BRETT, J., concurs.

NIX, J., not participating.