[Crim. No. 24910. Second Dist., Div. Two. Nov. 20, 1974.]

THE PEOPLE, Plaintiff and Respondent, v.
CHARLES ANDREW HALE, Defendant and Appellant.

**COUNSEL**

Paul A. Doyle, Jr., under appointment by the Court of Appeal, for Defendant and Appellant.

Evelle J. Younger, Attorney General, Jack R. Winkler, Chief Assistant Attorney General, S. Clark Moore, Assistant Attorney General, and Edward T. Fogel, Jr., Deputy Attorney General, for Plaintiff and Respondent.

## OPINION

**FLEMING, J.**—Charles Andrew Hale appeals the judgment (order granting probation) entered on his plea of guilty to possession of amphetamine. (Health & Saf. Code, § 11350.) Hale contends an illegal search of his automobile tainted the evidence on which his conviction was based.

The facts, viewed in the light most favorable to the judgment, show that on the afternoon of 12 March 1973 Los Angeles County Deputy Sheriff Price, on patrol in San Dimas, stopped an automobile driven by Hale to warn him of a defective brake light. As Price approached the automobile he saw Hale's hand resting on the center console between the front bucket seats. An automatic pistol lay on the front seat only a few inches from Hale's hand. Fearing that Hale might use the pistol, Price drew his service revolver and ordered Hale to take his hand away from the pistol and get out of the automobile. He then gave Hale a pat-down search, which revealed no weapons. At about that time Deputy Sheriff Brown arrived on the scene and spoke with Hale, and Price understood Brown to say that Hale had previously been arrested for possession of a weapon.[1]

While Brown detained Hale, Price entered Hale's automobile to examine the pistol, and in so doing he discovered the pistol lacked an ammunition clip. Inside the automobile Price saw a hunting knife with a 6-inch blade wedged between the driver's seat and the center console, a bayonet with a 12-inch blade protruding beneath the seat, and a dagger-like letter opener above the sun visor. Suspecting that an ammunition clip might be readily available nearby for use with the pistol, and desiring to make certain the pistol could not be used as a weapon when he returned it, Price searched the immediate area of the front seat. Underneath the ashtray of the center console he found one .380 caliber cartridge of the type used in the pistol as well as a vial containing white double-scored tablets which Price recognized as "mini-bennies" (the amphetamine that provided the basis for the prosecution). This is the search challenged here as illegal and unconstitutional.

On the facts of the case we conclude that Officer Price had reasonable cause to search the front seat of Hale's automobile and that consequently his discovery of contraband was an incident of a lawful search.

---

[1]Price later learned that Brown had actually said he once arrested Hale on some type of traffic warrant when Hale came to the station to inquire about serial numbers on a gun. However, we must accept the facts as Price reasonably and in good faith understood them at the time of search. (*Burke* v. *Superior Court,* 39 Cal.App.3d 28, 32-33 [113 Cal.Rptr. 801].)

The facts known to the officer at the time of the search gave him reasonable cause to suspect Hale was committing a crime, viz. unlicensed carrying of a firearm concealed in a vehicle (Pen. Code, § 12025[2]). Only partial concealment of a firearm is required. (*People* v. *Koehn,* 25 Cal.App.3d 799, 802 [102 Cal.Rptr. 102]; *People* v. *Tarkington,* 273 Cal.App.2d 466, 469 [78 Cal.Rptr. 149]; *People* v. *Linden,* 185 Cal.App.2d 752, 757 [8 Cal. Rptr. 640].) One portion of the automatic pistol, the housing and barrel, was visible, and it was reasonable for the officer to suspect concealment nearby of the remaining portion of the firearm, the automatic clip and ammunition. (See *Green* v. *State* (Okla.Crim.) 489 P.2d 768.) A firearm disassembled into two or more parts, can nevertheless constitute an operable weapon within the meaning of the Dangerous Weapons Control Law. (*People* v. *Ekberg,* 94 Cal.App.2d 613, 616-617 [211 P.2d 316]; see also, *State* v. *Ware* (Fla.App.) 253 So.2d 145.)

"The carrying of concealed firearms is prohibited as a means of preventing physical harm to persons other than the offender." (*People* v. *Jurado,* 25 Cal.App.3d 1027, 1032 [102 Cal.Rptr. 498].) ▮ In our opinion concealment of an essential component of a visible weapon, when done in such a fashion as to make the weapon readily available for use as a firearm, presents a threat to public order comparable to concealment of the entire firearm and falls within the prohibition of section 12025. ▮ In the light of the bizarre arsenal of weaponry Hale had installed around the driver's seat of his automobile, Officer Price had reasonable cause to suspect that a clip and ammunition for the automatic pistol might be hidden close at hand and to make a search for them.

Apart from any specific Penal Code violation, the search was justified as a natural incident of the officer's right to search for weapons when he has reasonable grounds to believe a criminal suspect is "armed and presently dangerous." (*Terry* v. *Ohio,* 392 U.S. 1, 24, 27, 30 [20 L.Ed.2d 889, 907-908, 909, 911, 88 S.Ct. 1868]; *People* v. *Superior Court (Simon),* 7 Cal.3d 186, 203 [101 Cal.Rptr. 837, 496 P.2d 1205].) The totality of the circumstances, the array of odd and deadly weapons stored about the driver's seat of an automobile by one reported to have been previously arrested on a weapons charge, warranted Officer Price in concluding that during his confrontation with Hale, his safety and the safety of others required a

---

[2]Section 12025: "Except as otherwise provided in this chapter, any person who carries concealed upon his person or concealed within any vehicle which is under his control or direction any pistol, revolver, or other firearm capable of being concealed upon the person without having a license to carry such firearm as provided in this chapter is guilty of a misdemeanor, and if he has been convicted previously of any felony or of any crime made punishable by this chapter, is guilty of a felony."

search of the area within the immediate reach of the driver to assure that an automatic clip and ammunition were not readily available for use with the pistol.

The judgment is affirmed.

Roth, P. J., and Compton, J., concurred.