[Crim. No. 28842. Second Dist., Div. Five. Dec. 17, 1976.]

THE PEOPLE, Plaintiff and Respondent, v.
FELIPE ALEJO FUENTES et al., Defendants and Appellants.

**COUNSEL**

Patricia A. Shanahan and Clifford Douglas, under appointments by the Court of Appeal, for Defendants and Appellants.

Evelle J. Younger, Attorney General, Jack R. Winkler, Chief Assistant Attorney General, S. Clark Moore, Assistant Attorney General, Norman H. Sokolow and Howard J. Schwab, Deputy Attorneys General, for Plaintiff and Respondent.

**OPINION**

**ASHBY, J.**—In an information filed September 26, 1975, defendants Felipe Alejo Fuentes and Mario Hernandez were charged in count I with

robbery in violation of Penal Code section 211. Fuentes was charged also in count II with possession of a dirk or dagger in violation of Penal Code section 12020. Both defendants waived trial by jury and were tried by the court and each was found guilty of "grand theft person" in violation of Penal Code section 487, subdivision 2, a lesser included offense than that charged in count I. Fuentes was also found guilty as charged in count II. Hernandez and Fuentes were committed to the California Youth Authority.

About 2 a.m., August 2, 1975, Officer Robert L. Portillo who was off duty and on his way home saw Fuentes and Hernandez approach the victim, George Martinez, from behind. Fuentes struck the victim in the back of the head with a "long, pointed object with a duct-taped handle." When the victim fell to the pavement, both Fuentes and Hernandez went to their knees beside him. The officer saw Fuentes remove a wristwatch and a wallet from the victim. He also saw Hernandez "rummaging through the pockets of the victim." The defendants then began running, and Officer Portillo pursued them. He drew his revolver and shouted, "Police." A security guard joined the pursuit and they apprehended the defendants a short distance from the site of the crime. Defendants were searched for weapons. Fuentes had the duct-taped dirk and another copper cylindrical-shaped pointed object in his waistband. The victim's wallet and wristwatch were in Fuentes' pockets.

Fuentes contends that there was no evidence to show that the dirk was concealed and argues that "[t]here is not even a suggestion in the record that the dirk was ever anywhere but in plain sight." The dirk obviously was not in plain sight. This is not a situation where the weapon was carried openly in a sheath or attached to a belt.[1] The dirk was in Fuentes' waistband. ■ The mere fact that some portion of the handle may have been visible makes it no less a concealed weapon. A defendant need not be totally successful in concealing a dirk to be guilty of violation of Penal Code section 12020, subdivision (a). (See *People* v. *Hale,* 43 Cal.App.3d 353, 356 [117 Cal.Rptr. 697]; *People* v. *May,* 33 Cal.App.3d 888, 891 [109 Cal.Rptr. 396]; *People* v. *Tarkington,* 273 Cal.App.2d 466, 469 [78 Cal.Rptr. 149].)

---

[1]Compare. Penal Code section 12025 relating to weapons other than dirks, which provides in part as follows: "Firearms carried openly in belt holsters are not concealed within the meaning of this section, nor are knives which are carried openly in sheaths suspended from the waist of the wearer."

Hernandez contends that the evidence was insufficient to support his conviction. ■ We as "[a]n appellate court must view the evidence in the light most favorable to respondent and presume in support of the judgment the existence of every fact the trier could reasonably deduce from the evidence." (*People* v. *Reilly,* 3 Cal.3d 421, 425 [90 Cal.Rptr. 417, 475 P.2d 649].) ■ In so considering the evidence, we find it to be sufficient. Hernandez was not merely present at the scene of a crime (*People* v. *Durham,* 70 Cal.2d 171 [74 Cal.Rptr. 262, 449 P.2d 198]), he was with Fuentes who struck the victim. Hernandez rummaged through the victim's pockets; Hernandez fled from the scene with Fuentes, attempting to avoid apprehension; and Hernandez was still with Fuentes, who had the victim's property, when they were both apprehended.

The judgments are affirmed.

Kaus, P. J., and Stephens, J., concurred.