73 F.3d 371
NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
 UNITED STATES of America, Plaintiff-Appellee,
v.
$277,865.00 UNITED STATES CURRENCY, Defendant,
and
Ernest House, Claimant-Appellant.
 No. 94-55796.
 United States Court of Appeals, Ninth Circuit.
 Submitted Dec. 13, 1995.*
Decided Dec. 18, 1995.
 
 Before: ALDISERT**, FARRIS, and RYMER, Circuit Judges.
 
 
 1
 MEMORANDUM***
 
 
 2
 Ernest House appeals from a judgment pursuant to 21 U.S.C. Sec. 881(a)(6) forfeiting $227,865.00 that was furnished or intended to be furnished in exchange for a controlled substance, or was the proceeds of such an exchange. We have jurisdiction, 28 U.S.C. Sec. 1291, and we affirm.
 
 
 3
 * House contends that the district court erred when it denied his motion to suppress the evidence seized from his car, including the subsequently forfeited money, because the officer who pulled him over lacked probable cause to arrest him for carrying a pistol concealed within a vehicle. We reject the argument.
 
 
 4
 California Penal Code section 12025(a) provides in pertinent part that "[a] person is guilty of carrying a concealed firearm when he ... (1) [c]arries concealed within any vehicle ... any pistol ... capable of being concealed upon that person." Cal.Pen.Code Sec. 12025(a)(1).[1] Although a pistol isn't "concealed" for purposes of section 12025(a) merely because it is inside the vehicle, see People v. Frost, 125 Cal.App.Supp. 794, 796 (1932), it is enough to violate section 12025(a) if at least some part of the pistol is hidden from the view of an officer outside looking into the vehicle, People v. Koehn, 25 Cal.App.3d 799, 802, 102 Cal.Rptr. 102, 104 (1972); Wilson v. Porter, 361 F.2d 412, 414, 416 (9th Cir.1966); People v. Hale, 43 Cal.App.3d 353, 356, 117 Cal.Rptr. 697, 698 (1974) (only automatic clip and ammunition for pistol hidden).
 
 
 5
 Here, the district court found credible the arresting officer's testimony that he couldn't see the pistol inside the car from where he was standing next to House's window, and that he first saw part of the pistol propped up against the transmission well on the driver's side floorboard only after House moved his right leg. House has failed to show either clear error as to these factual findings or an error by the court in applying the law to the facts. As we have concluded that the district court did not err by finding probable cause to arrest House, the exclusionary rule is inapplicable in this case even though House correctly notes that it can be applied in what he calls "quasi-criminal" forfeiture proceedings. We therefore conclude that the district court did not err in holding that the officer had probable cause to arrest House for violating section 12025(a), and thus did not abuse its discretion by denying House's motion to suppress the evidence offered at the forfeiture trial.
 
 II
 
 6
 House next contends that the district court erred by finding that he failed to prove by a preponderance of the evidence that the seized money was not drug related in light of House's evidence that he won the money through years of lucky gambling in Las Vegas and that he was transporting the money in the trunk of his car from his business safe to his home. Again, we disagree.
 
 
 7
 The relevant civil forfeiture provision of the Controlled Substances Act, 21 U.S.C. Sec. 881(a)(6), provides for the forfeiture of seized money if it was "(1) furnished or intended to be furnished in exchange for a controlled substance; (2) traceable to such an exchange; or (3) used or intended to be used to facilitate a violation of federal drug laws." United States v. $191,910 in U.S. Currency, 16 F.3d 1051, 1071 (9th Cir.1994). Before such a forfeiture will lie, the government must initially establish probable cause to believe that the seized money was connected to drugs. 21 U.S.C. Sec. 881(d); 19 U.S.C. Sec. 1615; United States v. $5,644,540.00 in U.S. Currency, 799 F.2d 1357, 1362 (9th Cir.1986). If it does, the burden then shifts to the claimant to prove by a preponderance of the evidence that the money was not involved with an illegal drug transaction. Id. at 1363. If the claimant fails to carry this burden, the money is forfeited.
 
 
 8
 The district court did not err by concluding that the government met its initial burden to show probable cause. First, the mere presence of almost a quarter of a million dollars in House's trunk is itself "strong evidence that the money was furnished or intended to be furnished in return for drugs." United States v. $93,685.61 U.S. Currency, 730 F.2d 571, 572 (9th Cir.) (per curiam), cert. denied, 469 U.S. 831 (1984); United States v. Padilla, 888 F.2d 642, 645 (9th Cir.1989). Second, the fact that House was carrying that amount of money in his trunk at 2:00 a.m., and that he was armed with a pistol at the time, is persuasive circumstantial evidence to support probable cause. See $93,685.61, 730 F.2d at 572. Third, House's apparent failure to file legitimate tax returns for several prior years, and his obvious attempt to fabricate such returns to show a legitimate source, also are relevant to the probable cause issue. Id.
 
 
 9
 The district court also did not commit clear error by finding that House had failed to prove by a preponderance of the evidence that the seized money was unrelated to drug trafficking. House and his accountant testified at the trial, attempting to establish a legitimate source for the money, but the district court found their testimony incredible. "Trial court determinations based on witness credibility are given special deference," Padilla, 888 F.2d at 645, and House offers no basis on which to overturn the district court's credibility and factual findings as clearly erroneous.
 
 
 10
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 Hon. Ruggero J. Aldisert, Senior Circuit Judge for the Third Circuit Court of Appeals, sitting by designation
 
 
 ***
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 The California Legislature amended section 12025 in 1992, but the amendment is not relevant to the issue raised in this case