Filed 3/11/15  In re I.H. CA2/8

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION EIGHT

| | |
|---|---|
| In re I.H., a Person Coming Under the Juvenile Court Law. | B251284 |
| THE PEOPLE,<br><br>      Plaintiff and Respondent,<br><br>v.<br><br>I.H.,<br><br>      Defendant and Appellant. | (Los Angeles County Super. Ct. No. VJ40355) |

APPEAL from orders of the Superior Court of Los Angeles County.  Kevin Brown, Judge.  Affirmed.

Holly Jackson, under appointment by the Court of Appeal, for Appellant, a minor.

Kamala D. Harris, Attorney General, Lance E. Winters, Assistant Attorney General, Steven D. Matthews and Analee J. Brodie, Deputy Attorneys General, for Plaintiff and Respondent.

_____

I.H. (the minor) appeals from the order sustaining a Welfare and Institutions Code section 602 petition which alleged he was in possession of a firearm, had a concealed firearm on his person and resisted arrest.  The minor contends:  (1) insufficient evidence supports the true findings on the two firearm related counts, and (2) commitment on the concealed weapon count should have been stayed pursuant to Penal Code section 654.[1]  We affirm.

### FACTUAL AND PROCEDURAL BACKGROUND

A.    *Prior Delinquency Proceedings*

In October 2010, the minor admitted two counts of a six count Welfare and Institutions Code section 602 petition:  possession of a firearm by a minor (§ 12101, subd. (a)(1); count 4) and possession of live ammunition by a minor (§ 12101, subd. (b)(1); count 6); the remaining counts were dismissed and the minor was committed into camp community placement.

He was released from camp in mid-2011, but arrested again in late December of that year.  A Welfare and Institutions Code section 602 petition was filed alleging that he possessed methamphetamine for purposes of sale (Health & Saf. Code, § 11378) (count 1).  In May 2012, the minor admitted misdemeanor possession of a controlled substance in violation of Health and Safety Code section 11377 (count 2), and count 1 was dismissed.  The minor was placed home on probation.

B.    *The Current Proceeding*

Viewed in accordance with the usual rules on appeal (*People v. Zamudio* (2008) 43 Cal.4th 327, 357; *In re Roderick P.* (1972) 7 Cal.3d 801, 808-809), the evidence established that on September 4, 2012, the minor was on probation, having already been declared a ward of the juvenile court.  While on patrol at about 2:00 a.m. that day, Deputy Sheriff Leonardo Garcia was driving east on Randolph Street near Prospect

---

[1]    All undesignated statutory references are to the Penal Code.

Avenue when he noticed fresh black graffiti on the wall of a residence; Garcia knew it was fresh because it had not been there when he drove by the same location about two hours before. About 20 yards from the graffiti, Garcia saw the minor and Martin Andrade walking east on Randolph Street; Andrade was holding a can of spray paint. Garcia drove towards them. When Garcia was about 25 feet away, the minor and Andrade began running in opposite directions. Garcia observed the minor, who ran west on Randolph Street, holding the front area of his waistband with his right hand as if he "was holding an item." Garcia pursued Andrade, who ran east on Randolph Street. When Andrade stopped in response to Garcia's command, he threw a can of orange spray paint on the ground.[2] While Garcia and another officer detained and questioned Andrade, they heard a report of a prowler at Prospect Avenue and Randolph Street, which was walking distance from their location. Later that night, Garcia saw the minor being detained in the back of a patrol car parked on Prospect Avenue.

At about 2:05 a.m., Deputy Sheriff Roger Parga responded to the report of a prowler at 6142 Prospect Avenue.[3] Parga and Deputy Sheriff Rodriguez arrived at the location at about the same time. Parga was waiting in the front yard of the residence and Rodriguez was at the front door when Parga noticed the minor lying face down under a car parked in the driveway. It took several requests before the minor appeared to comply with Rodriguez's commands to come out from under the car. When the minor's upper body was out but his legs were still under the car, the minor placed his hands underneath his torso at waist level; Parga thought the minor might be reaching for a weapon. After Rodriguez punched the minor once on the right side of the face, the minor remained face down on the ground with his hands under his torso. By each grabbing one of the minor's

---

[2] When Garcia returned to the location where he initially noticed the black graffiti, he saw some fresh orange graffiti on the sidewalk nearby. No can of black spray paint was recovered.

[3] We take judicial notice of the Los Angeles County Assessor's map, which shows 6142 Prospect Avenue is the fourth building north of Randolph Street, on the west side of Prospect Avenue. (Evid. Code, §§ 452, subd. (h), 459, subd. (a)).) We have given the parties the requisite notice and they have filed letter briefs on the subject.

arms and pulling, Parga and Rodriguez were able to haul the minor out from under the car despite his efforts to resist. The minor was handcuffed while lying on the ground, then placed in the back seat of a patrol car, where he was left alone for a short time. No weapon was found under the vehicle or on the minor.

About eight hours later, at 10:00 a.m., Deputy Sheriff Carlos Ortega and his partner arrived at 6146 Prospect Avenue (one building south of where the minor was found hiding the night before) in response to information from an informant. The location is known as a "high crime area" with a "fair amount" of gang activity; Ortega had responded to shootings in the area more than five times. On this occasion, Ortega was directed to the rear of the property where he found an unloaded semi-automatic handgun sitting on a tarp about 10 feet off the ground. From the driveway of 6146 Prospect Avenue, Ortega could see a gun magazine about 25 yards away on the roof of the building next door.[4] Ortega retrieved the gun and magazine (which contained four rounds). Ortega did not fire the gun, but nothing about it suggested it was inoperable. Upon visual inspection, the magazine appeared to fit the gun but Ortega did not try to put the magazine into the gun. Ortega caused the gun to be tested for fingerprints, but not DNA. No fingerprint evidence was introduced.

Based on this evidence, the juvenile court sustained counts 1 (felony possession of a firearm by a minor; §29610), 2 (misdemeanor possession of a concealed firearm; § 25400) and 5 (misdemeanor resisting arrest; § 148); the remaining counts were dismissed. The court observed: "I feel the People have met their burden [on counts 1 and 2] . . . I feel the gun was found. The question in my mind is was the minor running because he was afraid of getting caught for tagging or being a tagger or was he running because he was afraid of getting caught with the gun. [¶] I think there is enough

---

**4** Ortega found the magazine on the roof of a building next door to 6146 Prospect Avenue, a building which he identified as "6150 Prospect Avenue." According to the Los Angeles County Assessor's map, the buildings next door to 6146 Prospect Avenue are 6152 Prospect Avenue to the south and 6142 Prospect Avenue to the north. There is no "6150 Prospect Avenue." The discrepancy is of no particular consequence.

circumstantial evidence to indicate that what he was holding in his waistband was the gun. . . . The gun was found close enough to him. It seems to me it was discarded in the sense of being placed or actually not placed but thrown as would happen if somebody was running. [¶] He wouldn't come out from under the car. It seems to me it was unlikely someone would do that if they were just with somebody else spray painting or even painting themselves. I feel the People have met their burden circumstantially that the weapon found was in the minor's possession."

The minor waived hearing on alleged probation violations and admitted testing positive for methamphetamine and amphetamines on April 9, 2013.

The juvenile court terminated the prior home on probation order and committed the minor to community camp, finding the maximum period of confinement to be 4 years, 10 months.

The minor timely appealed.

## DISCUSSION

*A.     Sufficient Evidence Supported the Sustained Petition*

The minor contends there was insufficient evidence to support the true findings on counts 1 (possession of a firearm by a minor) and 2 (having a concealed firearm). His argument as to each count is the same: Garcia's observations of defendant holding his hand on his waistband while running west on Randolph Street and Ortega's discovery eight hours later of an unloaded gun in the back yard of the house next door to where defendant was earlier found hiding, and a gun magazine on the roof of the building next door to that, did not constitute substantial evidence that defendant was in possession of a firearm or that he concealed a firearm on his person. We find no error.

A challenge to the sufficiency of the evidence to support an order sustaining a Welfare and Institutions Code section 602 petition is subject to the same standard of review that governs adult criminal appeals. (*In re Muhammed C.* (2002) 95 Cal.App.4th 1325, 1328; *In re Roderick P., supra,* 7 Cal.3d at p. 809.) We review the whole record in

5

the light most favorable to the prosecution and presume in support of the judgment the existence of every fact that could reasonably be deduced from the evidence, to determine whether there is evidence that is reasonable, credible, and of solid value such that a reasonable trier of fact could find the defendant guilty of the essential elements of the charged offense beyond a reasonable doubt. A reversal for insufficient evidence is unwarranted unless it appears that upon no hypothesis whatever is there sufficient substantial evidence to support the verdict. (*Zamudio, supra*, 43 Cal.4th at p. 357.) Where the prosecution relies primarily on circumstantial evidence, we must accept logical inferences that the trier of fact might have drawn from the evidence. If the circumstantial evidence is susceptible of two reasonable interpretations, one of which suggests guilt and the other innocence, it is the trier of fact, not the appellate court, which must be convinced of the defendant's guilt beyond a reasonable doubt. A reviewing court's conclusion the circumstances might also reasonably be reconciled with a contrary finding does not warrant reversal. (*Id*. at pp. 357-358.) We turn now to the sufficiency of the evidence to support counts 1 and 2 of the petition.

1. Minor in Possession of a Firearm

Count 1 of the sustained petition alleged the minor violated section 29610, which prohibits a minor from possessing "a pistol, revolver, or other firearm capable of being concealed upon the person." A defendant has actual possession when he himself has the weapon. (*In re Daniel G.* (2004) 120 Cal.App.4th 824, 831.) Possession of a weapon may be proven circumstantially, including by conduct. (*Ibid*.) Flight is circumstantial evidence of guilt. (*People v. Moon* (2005) 37 Cal.4th 1, 27-28)

The prosecution's theory of the case was that the minor's actual possession of a firearm could reasonably be inferred from the evidence that: (1) the minor fled when Garcia approached in a marked patrol car; (2) while running west on Randolph Street, the minor was holding something in his waistband and (3) eight hours after the minor was found, an unloaded firearm and loaded magazine were found close to where the minor had been hiding. An inference that the gun found by Ortega was the item the minor was

6

concealing in his waistband while running away from Garcia is bolstered by review of the Los Angeles County Assessor's map of the area. The map shows that the locations where the gun and magazine were found (on a tarp at the rear of 6146 Prospect Avenue and on the roof of the building next to it, respectively) are located along the route the minor most likely ran from westbound Randolph Street to where he was discovered hiding under a car in the driveway of 6142 Prospect Avenue. From this evidence, it can reasonably be inferred that the minor discarded the gun and magazine as he was running to his hiding place. While this is a close case, this evidence is sufficient to support a finding that the minor was in possession of a firearm in violation of section 29610.

We are not persuaded otherwise by the minor's suggestions of alternate inferences from the evidence, including: the minor might have run to avoid being arrested for tagging, not firearm possession; the item the minor was holding in his waistband was as likely to be a can of black spray paint as a firearm; no physical evidence connected the minor to the gun and magazine discovered by Ortega the following day; and there was no evidence of how long those items might have been there in a location known as a high crime area with a known gang presence. It is the trier of fact, not the appellate court, which must be convinced of the defendant's guilt beyond a reasonable doubt. A reviewing court's conclusion the circumstances might also reasonably be reconciled with a contrary finding does not warrant reversal. (*Zamudio, supra*, 43 Cal.4th at pp. 357-358.)

2. <u>Carrying a Concealed Weapon</u>

Count 2 of the sustained petition alleged the minor violated section 25400, subdivision (a)(2) (§ 25400(a)(2)), which provides: "(a) A person is guilty of carrying a concealed firearm when the person does any of the following: [¶][¶] (2) Carries concealed upon the person any pistol, revolver, or other firearm capable of being concealed upon the person." Only partial concealment of a firearm is required. (*People v. Hale* (1974) 43 Cal.App.3d 353, 356.) Proof that the weapon is operable is not

necessary.  (*People v. Marroquin* (1989) 210 Cal.App.3d 77, 82 [construing former § 12025, subd. (a), which is continued without substantive change in § 25400, subd. (a)].)

Here, the same circumstantial evidence which supports the firearm possession charge supports the concealment charge.  Specifically, that it was the firearm found by Deputy Ortega which the minor had earlier been concealing in his waistband when he was observed by Deputy Garcia running west on Randolph Street.

B.      *The Maximum Confinement Time Does Not Violate Section 654*

The minor contends the 4 year, 10 month maximum confinement period violates section 654 because the juvenile court erroneously aggregated sentence on the possession of a firearm and concealment of a firearm counts, both of which arose out of a single incident.  The People counter that the juvenile court properly aggregated the maximum confinement times on counts 1 and 5 of the current petition with the maximum confinement times on the previously sustained petitions of October 2010 and May 2012.  We find no error.

A minor found to be a person described by Welfare and Institutions Code section 602 may not be held in physical confinement for longer than the maximum period of imprisonment that could be imposed upon an adult convicted of the offenses that brought the minor under the jurisdiction of the juvenile court.  (Welf. & Inst. Code, § 731, subd. (c).)  The juvenile court must specify the maximum term of confinement. (Welf. & Inst. Code, § 726, subd. (d)(1).)  The juvenile court may aggregate the maximum period of confinement on multiple counts or multiple petitions, including previously sustained Welfare and Institutions Code section 602 petitions.  (Welf. & Inst.Code, § 726, subd. (d)(3).)  If it does so, "the 'maximum term of imprisonment' 'shall be the aggregate term of imprisonment specified in subdivision (a) of Section 1170.1 of the Penal Code, which includes any additional term imposed pursuant to Section 667, 667.5, 667.6, or 12022.1 of the Penal Code, and Section 11370.2 of the Health and Safety Code.' "  (*Ibid.*)  If the charged offense is a misdemeanor, the

"maximum term of imprisonment" is the longest term of imprisonment prescribed by law. (*Id.* at subd. (d)(4).)

Section 654's prohibition against multiple punishments for a single act applies to a juvenile court's aggregation of periods of confinement on multiple counts. (*In re Billy M.* (1983) 139 Cal.App.3d 973, 978.) In addition, the minor is entitled to credit for the time spent in custody before the disposition hearing and when the juvenile court aggregates the maximum period of confinement on multiple petitions, it must also aggregate the number of predisposition custody days attributable to each petition. (*In re A.M.* (2014) 225 Cal.App.4th 1075, 1085-1086.) Finally, if the court chooses to aggregate multiple petitions, the maximum term must be calculated in accordance with section 1170.1 "i.e., the sum of the 'principal term' (the longest term imposed for any of the offenses) and 'subordinate terms' (one-third of the middle term imposed for each other offense.)" (*In re Eric J.* (1979) 25 Cal.3d 522, 536.)

In the present proceeding, the juvenile court sustained the Welfare and Institutions Code section 602 petition as follows:

**Count 1**: Felony possession of a firearm by a minor in violation of section 29610, which is punishable by 16 months, two or three years (§§ 29700, subd. (a)(3); 1170, subd. (h));

**Count 2**: Misdemeanor carrying of a concealed firearm in violation of section 25400, subd. (a)(2), which is punishable by a period not to exceed one year in county jail (§ 25400, subd. (a)(7)); and

**Count 5**: Misdemeanor resisting arrest in violation of section 148, subd. (a)(1)), which is punishable by a period not to exceed one year in county jail (§ 148, subd. (a)(1)).

The juvenile court committed the minor to the camp community placement program for six months, gave the minor 409 days of predisposition custody credit and found the maximum term of confinement to be 4 years, 10 months. The minor does not challenge the six month placement or the predisposition credits. He argues only that the court erred in calculating the maximum term of confinement.

9

Regarding the maximum term, there was this colloquy: "THE COURT: The maximum time of confinement is 3 years and 11 months. Is that right? Three years, 11 months. I haven't looked at the previous petitions. [¶] I intend to aggregate. I have not looked at the previous petitions." Following a brief discussion of other matters, the colloquy continued: "[THE PROSECUTOR]: Your Honor, I have 4 years, 10 months. [¶] THE COURT: Maximum is 4 years and 10 months."

Although not expressly stated in the record, respondent explains on appeal that the 4 year, 10 month maximum period of confinement could only have been the result of aggregating the maximum terms on the current sustained petition after applying section 654, and the previous two sustained petitions as follows:

> (1) Three years, four months on the current petition, comprised of three years for violation of section 29610, plus four months for violation of section 148 (one-third the one-year maximum); no time added for the violation of section 25400 which was subject to section 654;
>
> (2) Eight months on the May 2012 sustained petition for violation of Health and Safety Code section 11377 (one-third the two year mid-term); and
>
> (3) Ten months on the October 2010 sustained petition comprised of eight months for felony violation of former section 12101, subdivision (a)(1) (one-third the two year mid-term), plus two months for misdemeanor violation of section 12101, subdivision (b)(1) (one-third the six-month term).

The minor has not filed a reply brief challenging either the juvenile court's authority to aggregate the period of confinement on multiple petitions or the People's calculation set forth above. We conclude: (1) the juvenile court properly calculated the maximum period of confinement as an aggregate of the maximum period of confinement on all three sustained petitions; (2) the court correctly applied section 654 in the present case; and (3) appellant has abandoned the argument asserted in his opening brief.

## DISPOSITION

The orders declaring the minor a person described by Welfare and Institutions Code section 602 and committing him to the camp community placement program for a period not to exceed 4 years and 10 months are affirmed.


                          RUBIN, J.

WE CONCUR:


     BIGELOW, P. J.


     GRIMES, J.

11